OPINION
{¶ 1} Defendant, Kevin L. Schmiesing, appeals from his conviction for the offense of Aggravated Vehicular Homicide.
 {¶ 2} On September 21, 2001, at approximately 1:44 a.m., a vehicle driven by Defendant was involved in a two-vehicle collision at an intersection in northern Darke County. Defendant and a passenger in his vehicle were injured. The driver of the other vehicle was killed.
 {¶ 3} Defendant was taken to Miami Valley Hospital in Dayton for treatment of his injuries. A sample of his blood was withdrawn at the hospital for purposes of medical diagnosis and treatment. Results of tests of his blood sample that were conducted by Compunet Clinical Laboratories for Miami Valley Hospital reveal that Defendant's bloodalcohol content level was 0.159.
 {¶ 4} Defendant was subsequently charged with four offenses by indictment. Count One alleged Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(1). Count Two alleged Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2). Count Three alleged Driving With A Prohibited Alcohol Concentration in violation of R.C. 4511.19(A)(2). Count Four alleged Driving While Under the Influence in violation of R.C. 4511.19(A)(1).
 {¶ 5} Defendant filed a Crim.R. 12(C) motion to suppress evidence. The motion had two prongs. The first sought to suppress evidence of the results of his hospital blood test, arguing that the test failed to satisfy the admissibility requirements of R.C.4511.19(D)(1) and related provisions of the Ohio Administrative Code, as well as the permit requirements of R.C. 3701.143. The second prong sought to suppress DNA evidence the State obtained from air bags in his vehicle that had inflated on impact.
 {¶ 6} The trial court took evidence on the motion to suppress and subsequently denied the relief requested in the first prong of Defendant's motion with respect to results of his hospital blood test. The court did not address the second prong.
 {¶ 7} Subsequently, on March 22, 2004, the court accepted Defendant's negotiated plea of no contest to Count Two of the indictment and entered its judgment of conviction for the violation of R.C. 2903.06(A)(2) therein alleged. The State dismissed Counts One, Three, and Four. Defendant was later sentenced to serve a term of incarceration of one year, subject to additional post-release control, and to pay restitution to the victim or his family and the costs of the prosecution incurred by Darke County. Execution of the sentence was stayed pending appeal
 {¶ 8} Defendant filed a timely notice of appeal. He presents two assignments of error.
 {¶ 9} First Assignment of Error
 {¶ 10} "The trial court erred in overruling appellant's motion to suppress the blood alcohol test when it failed to require ohio department of health compliance and scientific reliability for such testing."
 {¶ 11} Second Assignment of Error
 {¶ 12} "The trial court erred in failing to suppress the dna test conducted on the dodge pick-up truck's air bags when the collection, handling and testing procedures were so prejudicially tainted and scientifically unreliable that to admit such evidence would violate appellant's constitutional right to a fair trial and due process of law."
 {¶ 13} Defendant entered a plea to Count Two of the indictment, which alleged a violation of R.C. 2903.06(A)2). That section provides, inter alia: "No person, while operating a motor vehicle . . . shall cause the death of another . . . (a) Recklessly . . ." Subsection (b) pertains to reckless operation of vehicles in construction zones.
 {¶ 14} Count One of the indictment, which was dismissed by the State, alleged a violation of R.C. 2903.06(A)(1). That section provides, inter alia: "No person, while operating a motor vehicle . . . shall cause the death of another . . . (a) [a]s the proximate result of committing a violation of division (A) of section 4511.109 of the Revised Code or of a substantially equivalent municipal ordinance."
 {¶ 15} R.C. 4511.19(A) (1(a)-(h) prohibits driving while under the influence of alcohol or drugs or with particular concentrations of alcohol in certain bodily substances. R.C.4511.19(D)(1) identifies the techniques and methods of analysis of those bodily substances to determine concentrations of alcohol, the findings of which in which the court may admit in evidence to prove an R.C. 4511.19(A) violation.
 {¶ 16} Unlike a guilty plea, which per Crim.R. 11(B)(1) is a complete admission of guilt, "[t]he plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). "Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, Syllabus by the Court. That requirement is, however, subject to Crim.R. 12(I), which provides: "The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress evidence."
 {¶ 17} Even were we to find that the trial court erred when it overruled Defendant's motion to suppress evidence, to reverse on that basis we must further find that Defendant was prejudiced by the error. On the record before us, we cannot make that finding.
 {¶ 18} Had Defendant entered a plea of no contest to Count One of the indictment, which alleged a violation of R.C.2903.06(A)(1), Defendant might have been prejudiced by the error he alleges. That offense requires proof of an underlying violation of R.C. 4511.19(A), and competent test result evidence is necessary to prove violations of the "per se violations" that section defines, beyond a reasonable doubt. Test result evidence is not necessary to prove a violation of paragraph (A)(1)(a) of R.C. 4511.19, which prohibits operation when "[t]he person is under the influence of alcohol," except as might be necessary to support an expert opinion so stating. See Evid.R. 703. In that event, the Defendant may likewise have been prejudiced by an erroneous ruling on his motion to suppress evidence.
 {¶ 19} Defendant was not convicted on his no contest plea of an R.C. 2903.06(A)(1) violation, however. Rather, he pled no contest to and was convicted of a violation of R.C.2903.06(A)(2), which defines Aggravated Vehicular Homicide as proximately causing the death of another while operating a motor vehicle "recklessly." Reckless conduct is defined by R.C.2901.22(C), which states:
 {¶ 20} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 21} Recklessness, as it appears in R.C. 2903.06(A)(2) and is defined by R.C. 2901.22(C), involves no particular act or conduct. It is, instead, the culpable mental state which, in combination with some particular conduct the law prohibits, permits a finding of criminal liability. R.C. 2901.21(A). For purposes of R.C. 2903.06(A)(2), as it defines Aggravated Vehicular Homicide, that conduct is causing the death of another or unlawfully terminating another's pregnancy while operating a motor vehicle. Neither being under the influence of alcohol nor having a prohibited concentration of alcohol in one's blood is an element of that offense.
 {¶ 22} By pleading no contest, Defendant admitted the truth of the matters alleged in Count Two of the indictment, which alleged that Defendant Schmiesing had caused the death of another while operating a motor vehicle recklessly in violation of R.C.2903.06(A)(2). Defendant's plea relieved the prosecutor of the obligation to prove Defendant guilty of the elements of that offense beyond a reasonable doubt, and permitted the court to make a determination of guilt from the charges in the indictment. Therefore, we cannot find, on the record before us, that Defendant was prejudiced by the trial court's prior ruling on Defendant's motion to suppress evidence, with respect to either the results of his hospital blood test or the DNA evidence on which he believed the State intended to rely.
 {¶ 23} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.