JUDGMENT ENTRY
This matter came before the Court on Appellant's Motion for Opinion on Third Assignment of Error, filed March 17, 2006.
Upon review, this Court finds Appellant's Motion well-taken and hereby sustains same.
A Nunc Pro Tunc Opinion is being filed contemporaneously with this Judgment Entry correcting the omission and addressing Appellant's Third Assignment of Error as contained in his Supplemental Appellant's Brief filed November 7, 2005.
 OPINION
Nunc Pro Tunc
{¶ 1} This is a nunc pro tunc opinion modifying and replacing this Court's previous Opinion which inadvertently omitted Appellant's Third Assignment of Error and failed to address same.
 {¶ 2} Defendant-appellant Matthew L. Hill appeals the September 20, 2004, sentence entered by the Muskingum County Court of Common Pleas.
 {¶ 3} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 4} On February 11, 2004, the Muskingum County Grand Jury indicted appellant on one counts of aggravated robbery with a gun specification, in violation of R.C. 2911.01(A)(1) and R.C.2941.145, one count of aggravated burglary with a gun specification, in violation of R.C. 2911.11(A)(2) and R.C.2941.145, two counts of felonious assault with gun specifications, in violation of R.C. 2903.11(A)(2) and R.C.2941.145, one count of theft of a firearm, in violation of R.C.2913.02(A)(1), and one count of aggravated burglary with a gun specification, in violation of R.C. 2911.11(A)(1) and R.C.2941.145.
 {¶ 5} On February 18, 2004, Appellant entered pleas of not guilty to the charges set forth in the indictment at his arraignment.
 {¶ 6} On August 3, 2004, this matter was tried before a jury resulting in a verdict of "guilty" on the two counts of felonious assault with a gun specification, both felonies of the second degree. The jury acquitted Appellant on the other counts.
 {¶ 7} On September 20, 2004, the trial court conducted a sentencing hearing. The trial court sentenced appellant to the maximum prison term of eight (8) years on each count of felonious assault and the mandatory sentence of three years on each gun specification. The trial court ordered the terms be served consecutive to each other, for a total of twenty-two years.
 {¶ 8} It is from this judgment entry appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT STATING SUFFICIENT REASONS FOR ITS FINDINGS AS REQUIRED BY RC 2929.14(E)(4) THUS PERMITTING RC 2953.08 DE NOVO REVIEW.
 {¶ 10} "II. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WITHOUT STATING SUFFICIENT FINDINGS AND REASONS AS REQUIRED BY RC 2929.19(b)(2)(e) RESULTING IN A SENTENCE CONTRARY TO LAW."
 {¶ 11} "III. THE TRIAL COURT ERRED BY FAILING TO MERGE COUNTS THREE (3) AND FOUR (4) AS THEY WERE ALLIED OFFENSES AND CRIMES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25."
 I. {¶ 12} In his first assignment of error, appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree.
 {¶ 13} In order to impose consecutive sentences, a trial court must comply with R.C. § 2929.14(E)(4) and R.C. §2929.19(B)(2)(c).
 {¶ 14} R.C. § 2929.14(E)(4) states as follows:
 {¶ 15} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 16} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 19} Revised Code 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 20} The Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 21} The import of the decision in State v. Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-78. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision. Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (Citations omitted).
 {¶ 22} R.C. 2953.08(G)(2) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 23} Although the word "imprisonment" is not defined in R.C. 2929, R.C. 1.05(C) defines "imprisoned" as "`imprisoned' or `imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multi-county, municipal, municipal-county, or multi-county-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a halfway house, an alternative residential facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section."
 {¶ 24} In the case at bar, the transcript of the sentencing hearing indicates that the trial court found that the two crimes were separate and distinct offenses. (T. at 11.)
 {¶ 25} The trial court also found that the Appellant's "criminal history shows that consecutive terms are needed to protect the public. Therefore, the Court will order that the 8-year sentences be served consecutively. Given your nature and your history and all that you have done so far, the Court finds that it's needed to protect the public." (T. at 12).
 {¶ 26} Additionally, the trial court found that a minimum sentence would demean the seriousness of the offense and also not adequately protect society, and the maximum sentence is necessary to protect society because [appellant] create[s] the greatest likelihood of committing further crimes of similar nature." (T. at 11-12.)
 {¶ 27} Based upon the foregoing, we find that the court made sufficient findings to meet the mandates set forth in R.C. §2929.14(E)(4) and R.C. § 2929.19(B)(2)(c).
 {¶ 28} Appellant's first assignment of error is overruled.
 II. {¶ 29} In his second assignment of error, appellant argues that trial court erred in sentencing him to the maximum sentences on the two counts of felonious assault. We disagree.
 {¶ 30} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08 (G) (1); State v. Garcia (1998),126 Ohio App. 3d 485, 487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Garcia at 487.
 {¶ 31} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation reports; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statement made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08 (F) (1) through (3); State v.Mills (September 25, 2003), 5th Dist. No. 03-COA-001. The sentence imposed by the trial court should be consistent with overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 32} Pursuant to R.C. 2929.14(C), a trial court may impose a maximum sentence under the following conditions:
 {¶ 33} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
 {¶ 34} This statute is to be read in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98-CAA-01004 at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any one of the above-listed offender categories apply.
 {¶ 35} The trial court also received and considered a pre-sentence investigation and report and found nothing in said report to rebut the presumption for prison. (T. at 10-11.)
 {¶ 36} Again, as stated above, the trial court noted that the appellant had an extensive criminal record. (Id. at 11-12). The trial court further found Appellant had not learned from his past mistakes. (Id.)
 {¶ 37} The trial court also found "that the minimum sentence would demean the seriousness of the offense and also not adequately protect society, and the maximum sentence is necessary to protect society because [appellant] create[s] the greatest likelihood of committing further crimes of similar nature." (T. at 11-12.)
 {¶ 38} We find from a review of the transcript of the sentencing hearing that the trial court made sufficient findings to meet the mandates set forth in R.C. 2929.14 (C).
 {¶ 39} Appellant's second assignment of error is overruled.
 III. {¶ 40} In his third assignment of error, Appellant argues that his two felonious assault counts were allied offenses of similar import and therefore should have been merged. We disagree.
 {¶ 41} At the outset we would note that appellant failed to object at trial or sentencing to the trial court's failure to merge the offenses. "A defendant's failure to object to convictions or sentencing at trial results in a waiver of an allied offense claim on appeal absent plain error". State v.Denham, Greene App. No. 2001 CA 105, 2002-Ohio-3912, at ¶ 10, following State v. Comen (1990), 50 Ohio St.3d 206, 211,553 N.E.2d 640.
 {¶ 42} Upon review of the transcript, we find that as to the two counts of felonious assault, the victim testified as follows:
 {¶ 43} "Q: What happened after he walked in?
 {¶ 44} "A: Well, he pulled a gun out.
 {¶ 45} "* * *
 {¶ 46} "Q: Do you know whether the gun was a rifle or a pistol?
 {¶ 47} "A: It was a handgun
 {¶ 48} "* * *
 {¶ 49} "Q: Now, Mr. Thornhill, after he waved this gun, this handgun in your face, what happened?
 {¶ 50} "A: Well, I knocked it out of my face and I hit him.
 {¶ 51} "* * *
 {¶ 52} "A: Oh, I knocked the gun out of my face and hit him and he came back and busted me right in the head, right there with the gun, the barrel of the gun because he had it like this (INDICATING). He hit me so hard it recoiled the shell out of the gun onto my floor.
 {¶ 53} "* * *
 {¶ 54} "Q: Could you describe the degree of your injury?
 {¶ 55} "A: I had 13 stitches in the forehead. It was like three or four on the inside and the rest was on the outside, and I had two marks on my knee where he hit me with —
 {¶ 56} "* * *
 {¶ 57} "Q: Now, after he struck you with, I believe you said the barrel of the gun"
 {¶ 58} "A: Yes, sir.
 {¶ 59} "Q: What happened?
 {¶ 60} "A: I was kind of blinded and dizzy, so all I could see was my dog jumped on him. I had a boxer named Joe Joe and he jumped on him, kind of kept him occupied for a minute, and I saw my shotgun laying there and I reached for my shotgun and he got it before I did and started swinging it around the table and busting everything on my table and it busted me in the knee twice. And I was going to go to my room and he pulled the shotgun up and clicked the hammer back and said if I moved he was going to kill me. . . ."
 {¶ 61} (T. at 89-93).
 {¶ 62} The jury during deliberations, the jury posed the following question to the Court:
 {¶ 63} "What is the difference between Count 3 and Count 4 of felonious assault? (T. at 455).
 {¶ 64} The trial court's answer was:
 {¶ 65} "You must apply the facts as determined — you determine them to be to each count in the indictment and decide each count separately." (T. at 455-456).
 {¶ 66} Appellant's trial counsel's response was:
 {¶ 67} "Can't argue with that." (T. at 456).
 {¶ 68} The then deliberated further and ultimately returned guilty verdicts and gun specifications on each of the two felonious assault charges.
 {¶ 69} During sentencing, the trial court stated:
 {¶ 70} "The Court also finds that the two counts are separated in time and place sufficiently to make sure that they are not similar import. And there is also two gun specifications. Given the testimony that the Court heard at trial, it's quite possible that two separate weapons could have actually been involved in the two offenses. Therefore, the Court finds that the two counts are separate counts and do not merge." (Sent. T. at 11).
 {¶ 71} Upon review, this Court finds that Appellant committed two separate acts of felonious assault, albeit on the same victim, and therefore the offenses are not allied offenses of similar import but are offenses of dissimilar import. As such, appellant was properly convicted and sentenced for both of the felonious assault counts.
 {¶ 72} Appellant's third assignment of error is overruled.
 {¶ 73} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.
Boggins, J. Gwin, P.J. and Farmer, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
 OPINION {¶ 74} Defendant-appellant Matthew L. Hill appeals the September 20, 2004, sentence entered by the Muskingum County Court of Common Pleas.
 {¶ 75} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 76} On February 11, 2004, the Muskingum County Grand Jury indicted appellant on one counts of aggravated robbery with a gun specification, in violation of R.C. 2911.01(A)(1) and R.C.2941.145, one count of aggravated burglary with a gun specification, in violation of R.C. 2911.11(A)(2) and R.C.2941.145, two counts of felonious assault with gun specifications, in violation of R.C. 2903.11(A)(2) and R.C.2941.145, one count of theft of a firearm, in violation of R.C.2913.02(A)(1), and one count of aggravated burglary with a gun specification, in violation of R.C. 2911.11(A)(1) and R.C.2941.145.
 {¶ 77} On February 18, 2004, Appellant entered pleas of not guilty to the charges set forth in the indictment at his arraignment.
 {¶ 78} On August 3, 2004, this matter was tried before a jury resulting in a verdict of "guilty" on the two counts of felonious assault with a gun specification, both felonies of the second degree. The jury acquitted Appellant on the other counts.
 {¶ 79} On September 20, 2004, the trial court conducted a sentencing hearing. The trial court sentenced appellant to the maximum prison term of eight (8) years on each count of felonious assault and the mandatory sentence of three years on each gun specification. The trial court ordered the terms be served consecutive to each other, for a total of twenty-two years.
 {¶ 80} It is from this judgment entry appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 81} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT STATING SUFFICIENT REASONS FOR ITS FINDINGS AS REQUIRED BY RC 2929.14(E)(4) THUS PERMITTING RC 2953.08 DE NOVO REVIEW.
 {¶ 82} "II. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WITHOUT STATING SUFFICIENT FINDINGS AND REASONS AS REQUIRED BY RC 2929.19(b)(2)(e) RESULTING IN A SENTENCE CONTRARY TO LAW."
 I. {¶ 83} In his first assignment of error, appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree.
 {¶ 84} In order to impose consecutive sentences, a trial court must comply with R.C. § 2929.14(E)(4) and R.C. §2929.19(B)(2)(c).
 {¶ 85} R.C. § 2929.14(E)(4) states as follows:
 {¶ 86} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 87} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 88} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 89} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 90} Revised Code 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 91} The Ohio Supreme Court addressed when and where a trial court must state the required findings and reasons to impose a consecutive sentence. In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 92} The import of the decision in State v. Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-78. This procedure will also enable an appellate court to conduct a meaningful review of the sentencing decision. Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (Citations omitted).
 {¶ 93} R.C. 2953.08(G)(2) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 94} Although the word "imprisonment" is not defined in R.C. 2929, R.C. 1.05(C) defines "imprisoned" as "`imprisoned' or `imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multi-county, municipal, municipal-county, or multi-county-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a halfway house, an alternative residential facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section."
 {¶ 95} In the case at bar, the transcript of the sentencing hearing indicates that the trial court found that the two crimes were separate and distinct offenses. (T. at 11.)
 {¶ 96} The trial court also found that the Appellant's "criminal history shows that consecutive terms are needed to protect the public. Therefore, the Court will order that the 8-year sentences be served consecutively. Given your nature and your history and all that you have done so far, the Court finds that it's needed to protect the public." (T. at 12).
 {¶ 97} Additionally, the trial court found that a minimum sentence would demean the seriousness of the offense and also not adequately protect society, and the maximum sentence is necessary to protect society because [appellant] create[s] the greatest likelihood of committing further crimes of similar nature." (T. at 11-12.)
 {¶ 98} Based upon the foregoing, we find that the court made sufficient findings to meet the mandates set forth in R.C. §2929.14(E)(4) and R.C. § 2929.19(B)(2)(c).
 {¶ 99} Appellant's first assignment of error is overruled.
 II. {¶ 100} In his second assignment of error, appellant argues that trial court erred in sentencing him to the maximum sentences on the two counts of felonious assault. We disagree.
 {¶ 101} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08 (G) (1); State v. Garcia (1998),126 Ohio App. 3d 485, 487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."Garcia at 487.
 {¶ 102} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation reports; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statement made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08 (F) (1) through (3); State v.Mills (September 25, 2003), 5th Dist. No. 03-COA-001. The sentence imposed by the trial court should be consistent with overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 103} Pursuant to R.C. 2929.14(C), a trial court may impose a maximum sentence under the following conditions:
 {¶ 104} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
 {¶ 105} This statute is to be read in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98-CAA-01004 at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any one of the above-listed offender categories apply.
 {¶ 106} The trial court also received and considered a pre-sentence investigation and report and found nothing in said report to rebut the presumption for prison. (T. at 10-11.)
 {¶ 107} Again, as stated above, the trial court noted that the appellant had an extensive criminal record. (Id. at 11-12). The trial court further found Appellant had not learned from his past mistakes. (Id.)
 {¶ 108} The trial court also found "that the minimum sentence would demean the seriousness of the offense and also not adequately protect society, and the maximum sentence is necessary to protect society because [appellant] create[s] the greatest likelihood of committing further crimes of similar nature." (T. at 11-12.)
 {¶ 109} We find from a review of the transcript of the sentencing hearing that the trial court made sufficient findings to meet the mandates set forth in R.C. 2929.14 (C).
 {¶ 110} Appellant's second assignment of error is overruled.
 {¶ 111} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.
Boggins, J. Gwin, P.J. and Farmer, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.