OPINION
{¶ 1} On March 10, 2004, appellant, Gregory Rhodes, was charged with operating a motor vehicle while impaired in violation of R.C. 4511.19 and failure to drive within marked lanes in violation of R.C. 4511.33.
 {¶ 2} On June 4, 2004, appellant filed a motion to suppress, challenging the results of the field sobriety tests. A hearing was held on July 9, 2004. By judgment entry filed July 27, 2004, the trial court denied the motion.
 {¶ 3} On August 20, 2004, appellant pled no contest to the charges. By judgment entry of conviction filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail, twenty-seven days suspended.
 {¶ 4} Appellant filed an appeal, but said appeal was dismissed for want of prosecution on December 29, 2004.
 {¶ 5} On July 22, 2005, appellant filed a motion to withdraw his no contest pleas and request to reconsider the denial of his motion to suppress. By judgment entry filed July 29, 2005, the trial court denied the motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 7} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 II {¶ 8} "THE TRIAL COURT COMMITTED HARMFUL ERROR AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA."
 I {¶ 9} Appellant claims the trial court erred in denying his motion to suppress.
 {¶ 10} Procedurally we find this assignment of error to be deficient. Appellant filed a direct appeal after his August 20, 2004 conviction and the matter was assigned Case No. 04CA71. In the docketing statement to this appeal, appellant stated the issue for review was errors concerning the motion to suppress. On December 29, 2004, this court dismissed the appeal for want of prosecution pursuant to App.R. 18(C).
 {¶ 11} Therefore, the issue under this assignment of error is res judicata and is not justiciable for appeal.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court erred in not permitting him to withdraw his no contest plea. We disagree.
 {¶ 14} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 15} Appellant's motion to withdraw plea was based on a manifest injustice. Appellant argued manifest injustice because the trial court had erred in denying his motion to suppress based upon this court's ruling on a similar issue in State v.Robinson, Fairfield App. No. 2004-CA-45, 2005-Ohio-2280. InRobinson at ¶ 41, this court held, "Absent strict compliance with the testing protocol, the HGN test would not be admissible under the Rules of Evidence. Accordingly, R.C. 4511.19(D) would mandate the exclusion by the trial court."
 {¶ 16} We note this case law did not exist at the time of the dismissal of appellant's direct appeal on December 29, 2004. Appellant is not entitled to the benefit of new case law after the disposition of the direct appeal.
 {¶ 17} We therefore conclude the trial court did not err in denying appellant's Crim.R. 32.1 motion to withdraw his plea.
 {¶ 18} Assignment of Error II is denied.
 {¶ 19} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.