OPINION *Page 2 
{¶ 1} Defendant-appellant Matthew L. Hill appeals the denial of his "Motion to Vacate or Set Aside Judgment of Conviction or Sentence" under Civ. R. 60, filed in the Muskingum County Court of Common Pleas.
 FACTUAL AND PROCEDURAL BACKGROUND {¶ 2} On February 2, 2004, Appellant entered the residence of Danny Thornhill. An altercation occurred between Appellant and Thornhill. During this altercation, Thornhill was struck repeatedly with a handgun. Thornhill fled the residence, followed by Appellant who fired at least two shots at Thornhill. By the time police arrived, Appellant had fled from the scene.
 {¶ 3} On February 11, 2004, the Muskingum County Grand Jury indicted Appellant on the following charges: one count of Aggravated Robbery with a gun specification, in violation of Ohio Revised Code Section2911.01(A)(1) and 2941.145, a felony of the first degree; one count of Aggravated Burglary with a gun specification, in violation of Ohio Revised Code Section 2911.11(A)(2) and 2941.145, a felony of the first degree; two counts of Felonious Assault with a gun specification, in violation of Ohio Revised Code Section 2903.11(A)(2) and 2941.145, a felony of the second degree; one count of Theft of a Firearm, in violation of Ohio Revised Code Section 2913.02(A)(1) and 2941.145, a felony of the fourth degree; and one count of Aggravated Burglary with a gun specification, in violation of Ohio Revised Code Section2911.11(A)(1) and 2941.145, a felony of the first degree.
 {¶ 4} On February 18, 2004, appellant appeared for arraignment and pled "not guilty" to all counts set forth in the Indictment. *Page 3 
 {¶ 5} On August 3, 2004, a jury heard the case. At the conclusion of the trial, the jury deliberated and returned a verdict of "guilty" on the two counts of Felonious Assault with a gun specification, in violation of Ohio Revised Code Section 2903.11(A)(2) and 2941.145, both felonies of the second degree. The Jury found Appellant "not guilty" on all other counts.
 {¶ 6} Appellant was sentenced on September 20, 2004. At the sentencing hearing, the trial court heard the report of the pre-sentence investigator and the arguments of counsel for the respective parties before pronouncing sentence. Ultimately, the trial court sentenced Appellant to serve a prison sentence of eight years on each count of Felonious Assault and three years on each gun specification, all sentences to be served consecutive to one another for a total sentence of 22 years. This sentence is the maximum sentence that Appellant could have received for the crimes for which he was convicted.
 {¶ 7} Appellant filed an appeal on October 15, 2004 challenging the trial court's imposition of consecutive, maximum sentences. Appellant argued the trial court failed to conduct judicial fact-finding required by the sentencing statutes prior to imposing consecutive, maximum sentencing. He also claimed the trial court committed error by failing to merge counts three and four of the indictment for purposes of sentencing. On April 10, 2006, this Court overruled these assignments of error and affirmed the Appellant's conviction and sentence in Statev. Hill, Muskingum App. No. CT2004-0047, 2006-Ohio-2565. Appellant's appeal to the Ohio Supreme Court was denied by entry dated August 23, 2006. *Page 4 
 {¶ 8} On April 24, 2006, appellant filed a "Motion to Vacate or Set Aside Judgment of Conviction or Sentence Pursuant to Rule 60(B) (4), (5), (6)." The trial court summarily denied the motion on March 7, 2007. Shortly thereafter, appellant filed a "Motion for Findings of Fact and Causes (sic) of Law." On April 9, 2007, appellant filed a Notice of Appeal.
 {¶ 9} Appellant raises two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS GRANTED BY THE SIXTH AND FOURTEENTH AMENDMENTS AS ESTABLISHED BY THE UNITED STATES SUPREME COURT IN APPRENDI V. NEW JERSEY."
 {¶ 11} "II. TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO VACATE HIS SENTENCING JUDGMENT UNDER CIVIL RULE 60(B) (4) (5) WITHOUT GIVING REASONS AND CAUSES (sic) OF LAW."
 {¶ 12} This case comes to us on the accelerated calendar. App.R. 11. 1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 13} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 14} This appeal shall be considered in accordance with the aforementioned rule. *Page 5 
 I, II {¶ 15} We will address Appellant's two Assignments of Error simultaneously.
 {¶ 16} Appellant argues he is entitled to resentencing and given minimum, concurrent sentences pursuant to Apprendi v. New Jersey (2000),530 U.S. 466, Blakely v. Washington (2004), 542 U.S. 296, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 17} Foster, following Blakely, held that statutes that required "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" violated a defendant's right to jury trial under the Sixth Amendment to the United States Constitution. Foster applied to every case that was in the appellate stage and defendants were entitled to resentencing only upon a successful challenge on direct appeal. Contrary to appellant's belief, Foster does require a defendant to receive a mandatory minimum sentence on resentencing. Rather trial courts are no longer required to navigate a series of criteria that limited the trial court's sentencing discretion. A remand for resentencing would subject appellant to the trial court's full discretion to impose consecutive sentences within the statutory range.
 {¶ 18} In addition, the Ohio Supreme Court recently decided State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, addressing for the first time whether Blakely error can be forfeited by a defendant. The Paynecourt noted that not every case would be entitled to a resentencing hearing in the wake of Foster. The Court held "that a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement inBlakely. Id. at ¶ 31. *Page 6 
 {¶ 19} In this case, appellant was sentenced post-Blakely. A review of the sentencing transcript on September 20, 2004, shows appellant failed to preserve a Blakely objection and therefore appellant, underPayne, failed to timely assert his Blakely rights and his failure to preserve the objection must be treated as forfeiture. We note appellant's case was pending on direct appeal at the timeFoster was rendered, however, appellant failed to challenge the constitutionality of Ohio's sentencing statutes on direct appeal. A Rule 60(B) motion is not the proper vehicle to assert constitutional errors in sentencing. See, State v. Randlett, Franklin App. No. 06AP-1073,2007-Ohio-3546 (a petition of post-conviction relief under R.C. 2953.21
and Crim.R. 35 is the exclusive remedy by which a defendant may bring a collateral challenge to his conviction or sentence).
 {¶ 20} Thus, we overrule both Appellant's Assignments of Error.
 {¶ 21} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
Farmer, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1