[Cite as *State v. Hill*, 2011-Ohio-3644.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MATTHEW HILL | : | Case No. CT11-0020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. CR2004-0030


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 22, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RON WELCH                           MATTHEW L. HILL, PRO SE
27 North Fifth Street               #478-775
Suite 201                           Noble Correctional Institution
Zanesville, OH  43701               15708 McConnelsville Road
                                    Caldwell, OH  43724

*Farmer, J.*

{¶1}  By entry filed September 24, 2004, appellant, Matthew Hill, was sentenced to an aggregate term of twenty-two years in prison on two counts of felonious assault (R.C. 2903.11), each with a firearm specification (R.C. 2941.145).

{¶2}  Appellant filed an appeal, challenging the trial court's imposition of consecutive, maximum sentences.  Appellant argued the trial court failed to conduct the required judicial fact-finding prior to imposing consecutive, maximum sentences, and the offenses should have been merged because they were allied offenses.  This court denied the assignments of error and affirmed appellant's conviction and sentence. *State v. Hill,* Muskingum App. No. CT2004-0047, 2006-Ohio-2565, nunc pro tunc.

{¶3}  On April 24, 2006, appellant filed with the trial court a motion to vacate or set aside judgment of conviction or sentence pursuant to Civ.R. 60(B)(4), (5), and (6). By journal entry filed March 7, 2007, the trial court denied the motion.

{¶4}  Appellant filed an appeal, again challenging his sentence.  Appellant argued he was entitled to resentencing pursuant to *Apprendi v. New Jersey* (2000), 530 U.S. 466, *Blakely v. Washington* (2004), 542 U.S. 296, and *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856.  This court denied the assignments of error and affirmed the trial court's decision. *State v. Hill,* Muskingum App. No. CT07-23, 2007-Ohio-6763.

{¶5}  On November 4, 2008, the United States District Court for the Southern District of Ohio, Eastern Division, issued an opinion and order vacating appellant's sentence and ordering a resentence within sixty days.  *Hill v. Sheets* (S.D.Ohio 2008), 627 F.Supp.2d 810.  The District Court found ineffective assistance of counsel for failing to preserve appellant's *Blakely* claim.  Following a hearing on December 29, 2008, the

trial court again sentenced appellant to an aggregate term of twenty-two years in prison. See, Amended Entry filed April 3, 2009.

{¶6} Appellant filed an appeal which was dismissed on May 15, 2009 for failure to file a timely notice of appeal.

{¶7} On April 14, 2011, appellant filed a motion to correct illegal sentence pursuant to R.C. 2941.25(A), claiming the trial court erred in sentencing him to consecutive sentences because the offenses were allied offenses. By journal entry filed April 20, 2011, the trial court denied the motion.

{¶8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶9} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO CORRECT ILLEGAL SENTENCE IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION16, ARTICLE 1 OF THE OHIO CONSTITUTION."

{¶10} Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

{¶11} "**(E) Determination and judgment on appeal**

{¶12} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶13} "The decision may be by judgment entry in which case it will not be published in any form."

{¶14} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association* (1983), 11 Ohio App.3d 158.

{¶15} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶16} Appellant claims the trial court erred in denying his motion to correct illegal sentence. We disagree.

{¶17} In his motion to correct illegal sentence filed April 14, 2011, appellant argued the trial court erred in sentencing him to consecutive sentences because the offenses were allied offenses (R.C. 2941.25).

{¶18} In his original appeal, *State v. Hill,* Muskingum App. No. CT2004-0047, 2006-Ohio-2565, ¶11, appellant assigned the following error:

{¶19} " 'III. THE TRIAL COURT ERRED BY FAILING TO MERGE COUNTS THREE (3) AND FOUR (4) AS THEY WERE ALLIED OFFENSES AND CRIMES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.' "

{¶20} After review, this court at ¶71 concluded the following:

{¶21} "Upon review, this Court finds that Appellant committed two separate acts of felonious assault, albeit on the same victim, and therefore the offenses are not allied

offenses of similar import but are offenses of dissimilar import.  As such, appellant was properly convicted and sentenced for both of the felonious assault counts."

{¶22}  We find the arguments herein to be res judicata.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶23}  In support of his argument, appellant cites this court to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, wherein the Supreme Court of Ohio recently reviewed a two-step analysis for allied offenses.  We note appellant is not entitled to the benefit of any new case law after the disposition of his direct appeal.  *State v. Rhodes,* Licking App. No. 05CA98, 2006-Ohio-3996.

{¶24}  The sole assignment of error is denied.

{¶25}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

SGF/db 714

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MATTHEW HILL | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT11-0020 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.  Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

__s/ John W. Wise_____

JUDGES