[Cite as *State v. Mobley*, 2012-Ohio-969.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| BRYAN L. MOBLEY | : | Case No. 11CA83 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 2009CR484D


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  March 7, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL J. BENOIT                          BRYAN L. MOBLEY, PRO SE
38 South Park Street                      Inmate No. A581-255
Mansfield, OH  44902                      Lorain Correctional Institution
                                          2075 South Avon Belden Road
                                          Grafton, OH  44044

*Farmer, J.*

{¶1}   On January 25, 2010, appellant, Bryan Mobley, was sentenced to an aggregate term of twenty-four years in prison after being convicted of attempted aggravated murder in violation of R.C. 2923.02 and 2903.01, aggravated burglary in violation of R.C. 2911.11, discharging a firearm into a habitation in violation of R.C. 2923.161, and a firearm specification in violation of R.C. 2941.145.   Appellant's convictions and sentence were affirmed on appeal.  *State v. Mobley,* Richland App. No. 2010-CA-0018, 2011-Ohio-309.

{¶2}   On August 5, 2011, appellant filed a motion to correct status of illegal sentence, claiming allied offenses.  By order filed August 29, 2011, the trial court denied the motion.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT DID NOT GRANT MR. MOBLEY'S 'MOTION TO CORRECT STATUS OF ILLEGAL SENTENCE.'"

I

{¶5}   Appellant claims the trial court erred in denying his motion to correct his illegal sentence.  We disagree.

{¶6}   In his motion to correct status of illegal sentence filed August 5, 2011, appellant argued the trial court erred in sentencing him to consecutive sentences because the offenses were allied offenses (R.C. 2941.25).

{¶7}    In his original appeal, *State v. Mobley,* Richland App. No. 2010-CA-0018, 2011-Ohio-309, ¶32, appellant assigned the following error:

{¶8}    "III. THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING SUBSTANTIAL CONSECUTIVE SENTENCES TOTALING 24 YEARS WHEN THERE WAS ONLY ONE SET OF CRIMINAL OFFENSES IN SHOOTING THE VICTIM, NOT A SERIES OF SEPARATE CRIMINAL OFFENSES, AND THE TRIAL COURT FAILED TO CONSIDER THE MENTAL HEALTH ISSUES RAISED BY THE DEFENSE IN MITIGATION OF THE APPELLANT'S CRIMINAL RESPONSIBILITY IN SHOOTING THE VICTIM."

{¶9}    After review, this court at ¶76 concluded the following:

{¶10}   "Accordingly, we find that the trial court properly exercised its discretion in imposing consecutive sentences for the attempted aggravated murder, aggravated burglary, and discharging a firearm into a habitation.  As appellant concedes, those offenses were not allied offenses of similar import.  (Appellant's Brief at 14).  Therefore, it was within the trial court's discretion to impose consecutive sentences based on separate and distinct acts that were committed as a part of a course of conduct."

{¶11}   We find the arguments herein to be res judicata.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995–Ohio–331, syllabus.  See, also, *State v. Hill,* Muskingum App. No. CT11-0020, 2011-Ohio-3644.

{¶12}   In support of his argument, appellant cites this court to *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, wherein the Supreme Court of Ohio held,

"[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." The *Johnson* court further held the following at ¶48:

{¶13} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other.\*\*\*If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." (Emphasis *sic.*)

{¶14} In its order filed August 29, 2011, the trial court found "[e]ach of the crimes was a separate and distinct act that was part of a course of conduct." The trial court reasoned the following:

{¶15} "Mr. Mobley went to a sporting goods store and bought a gun and ammunition. He then went to his ex-wife's apartment to shoot her. When she refused to answer the door, he fired his gun through the door, committing the firearm discharge offense.

{¶16} "One of the shots broke the door lock. He then forced his way into the apartment knowing she was inside, committing the aggravated burglary crime. When his ex-wife encountered him in the hall and begged for her life, he shot her at point blank range. She raised her hand and deflected the bullet from its intended fatal path when it struck and tore off her thumb, resulting in the attempted aggravated murder conviction."

{¶17} We agree with the trial court's analysis and find appellant's arguments on this issue to lack merit.

{¶18} Upon review, we find the trial court did not err in denying appellant's motion.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ John W. Wise_____

JUDGES

[Cite as *State v. Mobley*, 2012-Ohio-969.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee          :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
BRYAN L. MOBLEY                        :
                                       :
    Defendant-Appellant         :          CASE NO. 11CA83


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.


                   _s/ Sheila G. Farmer_____


                   _s/ W. Scott Gwin_____


                   _s/ John W. Wise_____

                         JUDGES