[Cite as *State v. McCoy*, 2013-Ohio-5007.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CHARLES MCCOY | : | Case No. 13-CA-63 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 04 CR 380


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               November 12, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KENNETH W. OSWALT                       CHARLES MCCOY,  Pros Se
20 South Second Street                  Inmate No. A488128
4th Floor                               Chillicothe Correctional Institute, F-1
Newark, OH  43055                       P.O. Box 5500
                                        Chillicothe,  OH  45601

*Farmer, J.*

{¶1}  On July 30, 2004, the Licking County Grand Jury indicted appellant, Charles McCoy, on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), one count of attempted murder in violation of R.C. 2903.02, one count of felonious assault in violation of R.C. 2903.11(A)(1), and two counts of kidnapping in violation of R.C. 2905.01(B).  Said charges arose from the robbery of a Dairy Queen involving two employees and the beating and multiple stabbing of one of them.

{¶2}  A bench trial commenced on February 7, 2005.  The trial court found appellant guilty of all counts.  By judgment entry filed February 9, 2005, the trial court sentenced appellant to an aggregate term of thirty years in prison.

{¶3}  Appellant filed an appeal, assigning eleven errors for review, including a challenge to his sentence on allied offenses (Assignment of Error VIII).  Upon review, this court affirmed appellant's convictions and sentence.  *State v. McCoy,* 5th Dist. Licking No. 05-CA-29, 2005-Ohio-56.

{¶4}  On March 4, 2013, appellant filed a motion requesting corrective sentencing in accordance with R.C. 2941.25.  By judgment entry filed July 10, 2013, the trial court denied the motion.

{¶5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}  "THE LICKING CO., OHIO COURT OF COMMON PLEAS ERRED BY NOT COMPLYING WITH THE 1972 LEGISLATIVE MANDATES OF R.C. 2941.25, UPON FILED MOTION REQUESTING SUCH."

II

{¶7} "THE LICKING CO., OHIO COURT OF COMMON PLEAS DIVISION ERRED IN FINDING THAT ONE COUNT OF ATTEMPTED MURDER AND ONE COUNT OF FELONIOUS ASSAULT, IN RE: TO THE VICTIM, T. MILLER, ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT, IN COMPLIANCE WITH R.C. 2941.25."

III

{¶8} "THE LICKING CO., OHIO COURT OF COMMON PLEAS DIVISION ERRED IN FINDING THAT ONE COUNT OF AGGRAVATED ROBBERY AND TWO COUNTS OF KIDNAPPING(S) ON THE VICTIM(S), T. MILLER, AND, H. BONIFANT, ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT, IN COMPLIANCE WITH R.C. 2941.25."

I, II, III

{¶9} Appellant claims the trial court erred in denying his motion requesting corrective sentencing in accordance with R.C. 2941.25 as his sentence on "allied offenses" was invalid and contrary to law. We disagree.

{¶10} In his March 4, 2013 motion requesting corrective sentencing in accordance with R.C. 2941.25, appellant argued the trial court erred in sentencing him to an aggregate term of thirty years in prison because the offenses were allied offenses under R.C. 2941.25.

{¶11} In his original appeal, *State v. McCoy,* 5th Dist. Licking No. 05-CA-29, 2005-Ohio-56, appellant assigned the following error: "VII. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FAILING TO FIND THAT COUNTS 1, 2, 3,

AND 4 ARE ALLIED OFFENSES OF SIMILAR IMPORT (R.C. 2941.25(A)) AND SUBJECT APPELLANT TO ONE (1) CONVICTION."

{¶12} After review, this court at ¶ 114-117 concluded the following:

While appellant claims that the trial court erred in failing to find that attempted murder and felonious assault are allied offenses of similar import, we disagree.

In *State v. Myers* (Jan. 14, 2002), Perry App. No. 01CA5, 2002 WL 54753, this Court held as follows:

"We find the elements of attempted murder and felonious assault do not meet the requirements of *[State v.] Rance* [(1999), 85 Ohio St.3d 632, 710 N.E.2d 699], supra, and so for this reason, the offenses are not allied offenses of similar import. Likewise, we find felonious assault is not a lesser included offense of attempted murder." Id. at 3. See also *State v. Morris*, Guernsey App. No. 03 CA 29, 2004-Ohio-6988, 2004 WL 2955226.

Appellant further argues that the court erred in not finding that kidnapping and aggravated robbery are allied offenses of similar import. Aggravated robbery, in accordance with R.C. 2911.01(A)(1), requires proof that defendant brandished a deadly weapon in order to facilitate the theft offense whereas kidnapping, in accordance with R.C. 2905.01, requires proof that appellant restrained Teresa Miller of her liberty or removed her from the place where she was found. Each of the crimes

require[d] proof of an element not included in the other. Accordingly, aggravated robbery and kidnapping are distinguishable because the elements do not correspond to such a degree that the commission of one will result in the commission of the other. *State v. Dowdell,* Cuyahoga App. No. 83829, 2004-Ohio-5487. See also *State v. Bunch*, Mahoning App. No. 02CA196, 2005-Ohio-3309 and *State v. Spriggs* (Aug. 28, 2001), Delaware App. No. 00CA-A-037, 2001 WL 1000980, in which this court noted that the appellant had conceded that the crimes of kidnapping and aggravated robbery were not allied offenses of similar import.

{¶13} We find the arguments herein to be res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. See also *State v. Perry,* 10 Ohio St.2d 175 (1967).

{¶14} In support of his argument, appellant cites this court to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, wherein the Supreme Court of Ohio recently reviewed a two-step analysis for allied offenses. We note appellant is not entitled to the benefit of any new case law after the disposition of his direct appeal. *State v. Rhodes,* 5th Dist. Licking App. No. 05CA98, 2006-Ohio-3996.

{¶15} Assignments of Error I, II, and III are denied.

{¶16}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. John W. Wise


SGF/sg 1031

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHARLES MCCOY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-CA-63 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.


_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. John W. Wise